UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JAMES RIVER INSURANCE COMPANY,

Plaintiff,

v.

BROADWAY CAPITAL CDPM INC.;
MIKAEL R. VIENNEAU;
BROADWAY CAPITAL CONSTRUCTION LLC;
25 SECOND STREET LLC; and
THE REGINALD CONDOMINIUMS TRUST,

Defendants.

C.A. NO. 1:26-cv-______

# COMPLAINT FOR DECLARATORY JUDGMENT

## PRELIMINARY STATEMENT

1. The plaintiff, James River Insurance Company ("James River"), brings this complaint for declaratory judgment and seeks a determination of the rights and responsibilities of the parties under a contract of insurance.

## THE PARTIES

2. James River is an insurance company organized under the laws of the State of Ohio, with a principal place of business in the Commonwealth of Virginia, and authorized to issue policies of insurance in the Commonwealth of Massachusetts.

3. Defendant Broadway Capital CDPM Inc. ("CDPM Inc.") is a domestic profit corporation with its principal place of business located in Chelsea, Massachusetts.

4. Defendant Mikael R. Vienneau ("Vienneau") is an individual who, upon information and belief, resides in Chelsea, Massachusetts.

5. Defendant Broadway Capital Construction LLC ("Broadway LLC") is a domestic limited liability company with its principal place of business located in Chelsea, Massachusetts. Its managers all reside in Chelsea, Massachusetts, and, upon information and belief, its members all reside in Chelsea, Massachusetts.

6. Defendant 25 Second Street LLC ("25 Second") is a domestic limited liability company with a principal place of business located in Chelsea, Massachusetts. Its sole manager resides in Chelsea, Massachusetts, and, upon information and belief, its member(s) all reside in Chelsea, Massachusetts.

7. Defendant The Reginald Condominiums Trust ("Reginald Trust") is an organization of unit owners for The Reginald Condominium (the "Condominium"), which is located in Chelsea, Massachusetts and established pursuant to M.G.L. ch. 183A. Reginald Trust is named as a nominal and necessary party.

## JURISDICTION AND VENUE

8. The District Courts of the United States have original jurisdiction over civil actions where the parties are from diverse states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 USC § 1332(a)(1).

9. With respect to diversity, the plaintiff is a foreign corporation organized under the laws of the State of Ohio and with a principal place of business in the Commonwealth of Virginia, while the defendants are each residents of the Commonwealth of Massachusetts.

10. The amount in controversy exceeds $75,000, based on the damages sought in the underlying tort case and the cost of defending same, explained below.

11. Venue is proper in this Court pursuant to 28 USC § 1391(b)(1), because all defendants are residents of the Commonwealth of Massachusetts, where this Court is located.

## FACTUAL ALLEGATIONS FOR DECLARATORY RELIEF

### THE JAMES RIVER POLICY

12. James River issued Massachusetts CGL policy number 00136849-0 to its named insured, CDPM Inc., for the period of November 1, 2022 to November 1, 2023. The policy was then renewed/reissued to CDPM Inc. as policy number 00136849-1 for the period of November 1, 2023 to November 1, 2024. The original policy and its renewal are collectively referred to as "the policy." A copy of the policy is attached hereto as Exhibit 1 and incorporated herein.

13. Subject to its terms, conditions, exclusions, and limitations, the policy provides CGL coverage to its insured's contracting business.

14. The policy provides, in pertinent part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM (CG 00 01 12 07)**

* * *

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.

* * *

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.

* * *

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

* * *

b. This insurance applies to "bodily injury" and property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

* * *

**2. Exclusions**

This insurance does not apply to:

* * *

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

* * *

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

* * *

**SECTION II – WHO IS AN INSURED**[1]

1. If you are designated in the Declarations as:

* * *

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.

[1] Modified by the Exclusion – New Entities endorsement (CG 21 36 03 05), which removes paragraph 3 of this section.

* * *

2. Each of the following is also an insured:

* * *

b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

* * *

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

* * *

**SECTION V – DEFINITIONS**

* * *

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

* * *

b. You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

* * *

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

* * *

22. "Your work":

a. Means:

(1) Work or operations performed by you or on your behalf;

* * *

**LIMITATION – HABITATIONAL CONSTRUCTION (CB5307US 01-17)**

* * *

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of "your work" or "your product" related to any:

1. "newly constructed residential condominiums or town homes" in developments of more than ten (10) units in total;

* * *

"Newly constructed residential condominium(s) or town homes" means real estate, portions of which are not previously occupied, designed or intended for occupancy in whole or in part as a residence by any person or persons with separate ownership and the remainder of which is designated for common ownership solely by the owners of those portions and where the undivided interests in the common elements are vested in the unit owners.

* * *

**FIDUCIARY EXCLUSION (CB5624US 01-17)**

* * *

This policy does not apply to any claim arising out of the:

1. Coercion, conversion or misappropriation of others' funds or property;

2. Any dishonest, fraudulent, criminal, malicious acts or omissions of the insured, partner or employee or any person for whom you are legally responsible; or

3. Any activities or operations performed in the capacity of a fiduciary.

* * *

THE TORT CLAIM

15. On or about September 23, 2024, Reginald Trust, via its trustees, filed Civil Action No. 2484CV02506 (the "tort action") in Hampshire Superior Court. James River has been providing a defense to CDPM Inc. under a reservation of rights.

16. On or about March 2, 2026, Reginald Trust filed a Second Amended Complaint in the tort action, styled *Robert Birdenhagen, Alec Delaney, and Luz Lora, as Trustees of the*

*Reginald Condominiums Trust v. 25 Second Street LLC, Broadway Capital CPDM Inc. [sic], Broadway Capital Construction LLC, Mikael R. Vienneau, Context LLC, Eric E. Zachrison, and Allen & Major Associates Inc.*[2] A copy of the Second Amended Complaint in the tort action is attached hereto as Exhibit 2.

17. The tort action seeks damages related to "widespread construction and design deficiencies, including but not limited to:

a. Deficiencies in the installation of the Condominium's roof, including improperly installed wood framing and flashing elements, leading to water leaks and resultant property damage in both units and the common areas;
b. Improper deviations from the as built and permit set of plans, product manufacturers' installation instructions, and/or the Massachusetts State Building Code and other applicable codes, bylaws, and regulations, including but not limited to selection/installation of framing, roof drains, and joists resting directly on the roof membrane;
c. Improper insulation throughout the Condominium, including but not limited to windows, doors, parking garage, and floors; and
d. Improperly designed and installed stacked decks at the rear of the building, which did not conform with the Massachusetts State Building Code. The improper design and installation of the decks at the building has caused significant structural concerns."

(Ex. 2 ¶ 27).

18. In the tort action, Reginald Trust alleges that 25 Second and Vienneau were the "developer/declarant of the Condominium" and "Upon recording of the Master Deed, Vienneau, as sole manager and member of 25 Second, caused 25 Second to appoint itself as the initial trustee of the Trust." (Ex. 2 at ¶¶ 13, 18).

19. In the tort action, Reginald Trust alleges that that Broadway LLC and Vienneau served as the "general contractor responsible for the construction of the Condominium" while CDPM Inc. "served as the initial property manager of the Condominium." (Ex. 2 at ¶¶ 14, 17).

---

[2] Although listed in the case caption, the Second Amended Complaint does not actually mention Allen & Major Associates Inc. anywhere in its body.

20. The tort action asserts that CDPM Inc. and 25 Second "failed to take sufficient action" to "correct the defects and/or deficiencies," while 25 Second and Vienneau improperly "caused trust funds to be expended for such repairs" of "defective construction" by Broadway LLC. (Ex. 2 ¶¶ 31-32, 43-45).

21. The tort action seeks damages for "property damage, remediation costs, investigation costs, diminution in value, and other damages proven at trial." (Ex. 2 § IV ¶ 2).

**CLAIM FOR DECLARATORY RELIEF**

22. Under the policy, coverage may be available for those sums that "the insured" becomes legally obligated to pay as damages because of "property damage" to which the policy applies.

23. Coverage under the policy may apply only to "property damage" that occurs during the policy period.

24. Coverage under the policy may apply only if no insured knew that the "property damage" had occurred prior to the policy period.

25. As CDPM Inc. is an organization (other than a partnership, joint venture or limited liability company), "insureds" include CDPM Inc. (the named insured), its executive officers with respect to their duties as officers, and any other non-employee person or organization while acting as the named insured's real estate manager.

26. The policy states that "[n]o person or organization is an insured with respect to the conduct of any current or past … limited liability company that is not shown as a Named Insured in the Declarations."

27. Broadway LLC and 25 Second are limited liability companies not shown as a named insured in the declarations.

28. Broadway LLC and 25 Second are not officers of CDPM Inc. and were not acting as CDPM Inc.'s real estate manager.

29. Broadway LLC and 25 Second are not insureds.

30. Vienneau is only an insured with respect to his duties as an officer of CDPM Inc.

31. "Property damage" is defined under the policy as "[p]hysical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it."

32. The Reginald Trust's claims for the "improper deviations" from plans, "improper insulation," "improperly designed and stacked decks," and other construction deficiencies not alleged to have caused any other damage do not constitute "property damage" under the policy and thus are not entitled to coverage.

33. The Reginald Trust's claims regarding misuse of trust funds and other breaches of fiduciary duty do not constitute "property damage" under the policy and are specifically excluded from coverage under the policy.

34. Upon information and belief, design and construction of the Condominium was completed by the time the *Master Deed of The Reginald Condominiums* was recorded in the Suffolk County Registry of Deeds, in Book 68152 Page 227 *et seq*., on August 31, 2022.

35. As such, even if the "improper deviations" from plans, "improper insulation," "improperly designed and stacked decks," and other construction deficiencies are assumed to constitute "property damage," such deficiencies occurred prior to the start of the first policy period and thus the policy does not apply.

36. To the extent that "property damage" exists, the policy excludes coverage for property damage to "impaired property" "arising out of" a failure to perform a contract or agreement in accordance with its terms.

37. "Impaired property" is tangible property that cannot be used or is less useful because the named insured has failed to fulfil the terms of a contract or agreement, if such property can be restored to use by fulfilling the terms of the agreement.

38. In the tort claim, Reginald Trust alleges that "[w]hen serving as property manager of the Condominium, Broadway [Capital CDPM Inc.] failed to take sufficient action to correct the defects and/or deficiencies that were identified in the common areas." (Ex. 2 at ¶ 32).

39. As such, if there is "property damage" at the Condominium, coverage is excluded under the "damage to impaired property" exclusion.

40. Additionally, to the extent that "property damage" exists, the policy excludes coverage for property damage "arising out of 'your work' … related to any … newly constructed residential condominiums or down homes in developments of more than ten units in total."

41. According to the master deed, the Condominium consists of twenty residential units.

42. CDPM Inc.'s "work" (*i.e.*, its "work or operations performed by you or on your behalf") is property management.

43. The tort claim arises out of CDPM Inc.'s alleged failure to fulfill its property management duties for the Condominium.

44. As such, if there is "property damage" at the Condominium, coverage is excluded under the "limitation – habitational construction" endorsement.

## COUNT I – DECLARATORY JUDGMENT

45. James River repeats and reaffirms paragraphs 1 through 44 above as if fully set forth herein.

46. James River is entitled to a declaration that it has no duty to defend or indemnify any defendants other than CDPM Inc. and Vienneau for any claim made in the tort action on grounds that they are not an "insured" under the policy.

47. James River is entitled to a declaration that it has no duty to defend or indemnify any defendant because Reginald Trust's claims regarding defective construction do not amount to "property damage" and/or did not occur within the policy period.

48. James River is entitled to a declaration that it has no duty to defend or indemnify any defendant for any "property damage" that may have occurred within the policy period pursuant to the exclusions for "damage to impaired property" and/or the "limitation – habitational construction" endorsement.

49. An actual controversy exists between James River and the defendants as to James River' obligations under the policy in connection with the accident.

50. No other method of relief is available to resolve this controversy.

51. A declaratory judgment will terminate this controversy.

## JURY TRIAL DEMAND

James River demands a trial by jury as to all issues so triable.

## PRAYERS FOR RELIEF

WHEREFORE, James River prays that this Court order and declare as follows:

(a) James River has no duty to defend or indemnify any defendants other than CDPM Inc. and Vienneau on grounds that they are not an "insured" under the policy;

(b) James River has no duty to defend or indemnify any defendant because Reginald Trust's claims regarding defective construction do not amount to "property damage" and/or did not occur within the policy period;

(c) James River has no duty to defend or indemnify any defendant for any "property damage" that may have occurred within the policy period pursuant to the exclusions for "damage to impaired property" and/or the "limitation – habitational construction" endorsement; and

(d) Any other such relief as the Court deems just and proper.

Respectfully submitted,

James River Insurance Company

By Its Attorneys,

/s/ *Jessica M. Savino*

John P. Graceffa, BBO #205920
jgraceffa@morrisonmahoney.com
Jessica M. Savino, BBO #709676
jsavino@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-342-4928

Dated: November 10, 2026